UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATION/INSTITUTE FOR FISHERIES RESOURCES, *et al.*,<br><br>             Plaintiff,<br><br>     v.<br><br>CARLOS M. GUTIERREZ, in his official capacity as Secretary of Commerce, *et al.*,<br><br>             Defendants,<br><br>and<br><br>SAN LUIS & DELTA-MENDOTA WATER AUTHORITY and WESTLANDS WATER DISTRICT; CALIFORNIA FARM BUREAU FEDERATION; GLENN-COLUSA IRRIGATION DISTRICT; and STATE WATER CONTRACTORS, et al.<br><br>             Defendant-Intervenors. | 1:06-CV-00245 OWW LJO<br><br>ORDER RE: PLAINTIFFS' AND FEDERAL DEFENDANTS' MOTION TO SUPPLEMENT THE RECORD |

1.  **INTRODUCTION**

Plaintiffs challenge the legal validity of a Biological Opinion issued by the National Marine Fishery Service ("NMFS") on October 22, 2004. They also advance a National Environmental Protection Act claim which has been dismissed with leave to amend. On March 22, 2007 NOAA Fisheries, *et al.* ("Federal Defendants") and Pacific Cost Federation of Fishermen's

1

Association/Institute for Fisheries Resources, *et al.* ("Plaintiffs") stipulated to the inclusion of certain documents in the administrative record, and agreed that the Court could consider certain other documents for limited purposes ("March 22 Stipulation").

Defendant Intervenors Westlands Water District, San Luis & Delta-Mendota Water Authority, State Water Contractors and Glenn-Colusa Irrigation District, *et al.* ("Defendant Intervenors") object to Paragraph 4 of the March 22 Stipulation that calls for inclusion of post decisional extra record documents.

## 2. THE DOCUMENTS IN QUESTION

**Document 3:** Department of Commerce Inspector General's Report on NMFS consultation on the 2004 OCAP (July 8, 2005).

**Document 4:** California Bay-Delta Authority, Review of Biological Opinion on the Long-Term Central Valley Project and State Water Project OCAP (Dec. 30, 2005).

**Document 5:** Maguire, Report on 200 NMFS Biological Opinion on the Long-Term Central Valley Project and State Water Project OCAP (Jan.12, 2006.)

**Document 6:** McMahon, Center for Independent Experts Review of NOAA-Fisheries Biological Opinion on Effects of Proposed Central Valley Project Changes on Listed Fish Species.

**Document 7:** Memorandum from J Frazier, Dept. of Commerce Inspector General, to C. Lautenbacher, Dept. of Commerce, re NOAA response to science reviews (March 29, 2006)

**Document 8:** Technical Report, "Progress on Incorporating Climate Change into Management of California's Water Resources," DWR (July 2006).

```
Document 30:    Chart showing Article 21 water deliveries for
                2005, DWR

Document 31:    Chart showing article 21 water deliveries for
                2005, DWR

Document 32:    Chart showing Article 21 water deliveries for
                2006, DWR.

Document 33:    Chart on 2006 SWCP's 100% final deliveries.
                DWR.
```

### 3.   DISCUSSION

Section 706 of the Administrative Procedure Act (APA), 5 U.S.C. § 706, provides for judicial review of federal administrative actions based upon "the whole record or those parts of it cited by the party."  In general, review should be of "the full administrative record that was before the [agency decisionmaker] at the time he made his decision."  *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)(overruled on other grounds).   "[T]he focal point for judicial review should be the (existing administrative record). The Ninth Circuit recognizes several exceptions to this general rule, however.  District courts are permitted to admit extra-record evidence:

    (1)   if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision,

    (2)   if the agency has relied on documents not in the record,

    (3)   when supplementing the record is necessary to explain technical terms or complex subject matter

3

**(4) when plaintiffs make a showing of agency bad faith.[1]**
*Lands Council v. Forester of Region One of the U.S. Forest Service*, 395 F.3d 1019, 1030 (9th Cir. 2004).  These limited exceptions operated to identify and plug holes in the administrative record...[and] are narrowly construed and applied."  *Id*.

> The scope of these exceptions permitted by our precedent is constrained, so that the exception does not undermine the general rule.  Were the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that federal courts would be proceeding, in effect, de novo, rather than with the proper deference to agency process, expertise, and decision-making.

*Id*. at 1030.

Plaintiffs' arguments rely on the view that post-decision developments bear on evaluating the BiOp.  Plaintiffs base their argument on the theory that Defendants' reliance on the 2004 OCAP is continuing and ongoing.  Such a purpose may implicate the second exception allowing supplementation when the agency relied on documents not in the record, the exception states:

> The "whole record" includes everything that was before the agency pertaining to the merits of its decision. An incomplete record must be viewed as a "fictional account of the actual decisionmaking process."  When it appears the agency has relied on documents or materials not included in the record, supplementation is appropriate.... If the record is not complete, then the requirement that the agency decision be supported by "the record" becomes almost meaningless.

*Portland Audubon Soc. v. Endangered Species Committee*,  984 F.2d

---

[1] It appears Plaintiffs make an allegation of bad faith as to documents 3 and 4 which are alleged to provide information as to "inappropriate political premises that led up to issuance of the 2004 BiOp and NMFS staff questions about the BiOp conclusions.

1534, 1548 (9th Cir. 1993). However, the second exception presupposes documents that existed at the time of decision-making that were considered, but not included in the AR.

When analyzing a motion to supplement the administrative record on the ground that supplementation would complete the "whole record" (i.e., an open-ended request for supplementation, rather than a request that the court consider documents for one of the specific purposes articulated in exceptions one and three), the crux of the analysis is whether the documents and materials were actually considered, directly or indirectly, by the agency decisionmakers. *See Thompson v. United States Dept. of Labor*, 885 F.2d 551, 555 (9th Cir. 1989).

This case involves claims alleging that the 2004 OCAP and OCAP BiOp is so facially flawed when issued that the Bureau acted arbitrarily by relying on it. The OCAP was issued in 2004 and reconsultation was completed in February, 2005. The documents at issue are all post 2004-2005 extra record documents not within the scope of the administrative record that was before the Bureau when it made the decisions on the OCAP and BiOp.

Plaintiffs argue that the admission of the post-2004 extra record documents specified in paragraph 4 of the stipulation will establish whether the Bureau considered all relevant factors and understanding of the Bureau's explanation of its decision. The documents are offered to provide hindsight from actual subsequent events that call into question the soundness or completeness of the Decisions. Each category of document is considered separately.

//

5

### 4. DOCUMENTS 3-5

Plaintiffs' argument in support of admitting documents 3-5 is that Defendants' continued reliance on the 2004 BiOp makes post decisional documents that involve new scientific information relevant to their claims bearing on the efficacy of the 2004 BiOp, as these subsequent events have impacted CVP-SWP operations.

Plaintiffs have not expressly argued that the documents will "plug holes" existing in the record. *See, Foreseter of Region One,* 395 F.3d at 1030, however, documents 3-5 may explain complex scientific terms and may aid the court in understanding the science and technical issues that underlie the BiOp and OCAP. Documents 3-5 cannot be considered beyond this limited purpose. Plaintiffs do not argue that the documents are part of "documents and materials... actually considered, directly or indirectly, by the agency decisionmakers." *See Thompson*, 885 F.2d at 555. None of the documents in question existed in 2004 and were therefore not part of "the full administrative record that was before the [Bureau]" at the time they decided to rely on the 2004 OCAP and OCAP BiOp. *See Volpe*, 401 U.S. at 420.

### 5. DOCUMENTS 6-7

Plaintiffs argue that Documents 6 and 7 bear on alleged bad faith (political) reasons for adoption of the Biological Opinion and OCAP. For this limited purpose, and no other, Documents 6 and 7 will be considered.

### 6. DOCUMENT 8.

Document 8 is a July, 2006 DWR technical report on climate change effects on California river and Delta hydrology. It was

issued more than a year and five months following the 2004 BiOp. To the extent climate change is discussed in the BiOp and scientific or technical information that was known and available at the time the BiOp was adopted, and is discussed in Document 8; Document 8 may be considered to provide technical assistance and expertise and for no other purpose.

### 7. DOCUMENTS 30-33.

Documents 30-33 are California Department of Water Resource Charts showing total water deliveries for the years 2004-2006. It is not explained how subsequent actual deliveries will aid the Court in understanding whether the Agency has considered all relevant factors and explained its decision. Obviously, the Agencies could not have relied on these post-decision records. Actual water deliveries do not explain technical terms or complex subject matter. There is no direct suggestion that actual water deliveries raise any issue of bad faith on the part of the Agency. Accordingly, the subsequent historical record of water deliveries, which could not have been a part of the Administrative Record, may not be admitted to supplement the Administrative Record. This does not foreclose the Court from taking judicial notice of publicly published information, if there is any lawful purpose for its admissibility, such as the bonafides of the operating parameters that were considered in the decision and for impeachment purposes as to operating parameters that were used in the BiOp. Documents 30-33 shall not be added to the Administrative Record.

Plaintiffs admit that Documents 8, 31, 32 and 33 bear directly on the NEPA claim, which is not presently before the

7

Court.

## 9. CONCLUSION

It is unnecessary to reach additional arguments raised by Plaintiffs, as in the final analysis, all of the information has bearing and may be referenced as part of the required legal analysis, without supplementing the Administrative Record as discussed above.

The stipulation of the Plaintiffs and Federal Defendants shall be given the following effect:

1. Documents 3, 4, and 5 shall be considered solely for the purpose of providing the Court technical information and scientific expertise.

2. Documents 6 and 7 shall be considered for the sole purpose of showing Agency bad faith.

3. Document 8 shall be considered for the sole purpose of providing technical and scientific information to the Court relative to the issue of climate change as it is raised under the Endangered Species Act, no jeopardy finding.

4. Documents 30-33 may be the subject of judicial notice for such purposes as the law permits, including but not limited to, determining whether there was intentional or grossly negligent underestimation of flow capacity and operations of the combined CVP-SWP systems for the years immediately following the reconsulted BiOp and OCAP.

IT IS SO ORDERED.

Dated:   June 15, 2007              /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE