# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS/ INSTITUTE FOR FISHERIES RESOURCES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CARLOS M. GUTIERREZ, in his official capacity as Secretary of Commerce, et al.,<br><br>Defendants.<br><br>SAN LUIS & DELTA-MENDOTA WATER AUTHORITY, et al.,<br><br>Defendant-Intervenors. | 1:06-cv-0245 OWW GSA<br><br>SCHEDULING ORDER RE: INTERIM REMEDIES HEARING |

On April 25, 2008, a scheduling conference was held to address Plaintiffs' request for interim remedies and whether the Court should remand without vacatur the 2004 Biological Opinion, declared to be invalid in the Court's April 16, 2008, Memorandum Decision and Order granting in Part and Denying in Part Plaintiffs' Motions for Summary Judgment and Granting in Part and Denying in Part Federal Defendants' Cross-Motions for Summary

1

Judgment (Doc. 227).  After fully considering the written proposals of the parties and argument of counsel, the following briefing and hearing schedule is adopted:

    1.   On or before Thursday, May 15, 2008, the federal Defendants shall file an expert declaration discussing those subjects listed in the Court's Supplemental Order Re: Evidentiary Hearing filed on April 29, 2008 (Doc. 233).  Federal Defendants shall address those subjects for the time period that they anticipate operating without a new Biological Opinion.  Federal Defendants may also concurrently file points and authorities addressing legal issues.

    2.   On or before Friday, May 23, 2008, Plaintiffs and Defendant-Intervenors shall each file a memorandum setting forth their response, if any, to the Federal Defendants' May 15, 2008, expert report and any memorandum of law, including a description of any interim remedies they believe are necessary to avoid jeopardy to the winter-run and spring-run Chinook salmon and Central Valley Steelhead and their critical habitat from adverse modification or destruction, until the new biological opinion is released, together with any expert declarations explaining and justifying such proposed interim remedies.  Plaintiffs shall collectively file a single memorandum and one expert declaration, with the option to file a second expert declaration addressing operations issues, and Defendant-Intervenors shall collectively file a single memorandum and one expert declaration, with the option to file a second expert declaration addressing operations issues.

    3.   On or before Thursday, May 29, 2008, Federal Defendants

shall file their reply, if any, to Plaintiffs' and Defendant-Intervenors' May 23, 2008, expert declarations and memoranda.

4. A hearing shall be held on Friday, June 6, 2008, commencing at 12:15 p.m., to determine whether interim remedies are necessary to protect the species from jeopardy and the species' critical habitat from adverse modification or destruction until such time as the new biological opinion for the concerned species is released.

5. At the June 6, 2008, hearing, the parties shall be limited to the following number of expert witnesses: one for Plaintiffs; two for Federal Defendants (one to address issues relating to the biology of the species and one to address issues relating to Project operations); and one for all Defendant-Intervenors collectively.

6. The parties have the right to and are encouraged to cooperate in arranging for depositions of each other's expert witnesses during the two weeks prior to the June 6, 2008, hearing, and shall designate any testifying expert witnesses no later than May 19, 2008.

7. The California Department of Water Resources ("DWR"), has advised that although it is not currently a party to this action, DWR is considering whether to move to intervene in the case for purposes of the remedies hearing. DWR is requested to make its determination as soon as possible and that counsel for DWR contact counsel for Plaintiffs, Federal Defendants, and Defendant-Intervenors, to determine whether stipulated intervention is possible.

8. If DWR intervenes, DWR shall be subject to the above

schedule and shall file any expert declaration and memorandum on May 15, 2008, setting forth planned operations for the State Water Project that may impact the species from May 2008 through the time a new BiOp is in place, and any reply by May 29, 2008. DWR shall be allowed one expert witness to address operations of the State Water Project that impact the species. If DWR is granted leave to intervene, DWR shall be subject to the general jurisdiction of the Court, legal and equitable, for all purposes for which DWR intervenes.

9. The issue of the ongoing validity of CVP long-term water supply contracts signed in reliance on the invalidated 2004 Biological Opinion will not be considered at this phase of the proceedings.

10. Plaintiffs shall have through June 16, 2008, to amend their complaint to address issues relating to the National Environmental Policy Act.

11. The Court encourages Plaintiffs and the Federal Defendants to communicate informally and to share data and information relating to the status of the species, the species' critical habitats, and of Project operations in an effort to reach agreement on as many factual issues as possible prior to the June 6, 2008, hearing.

IT IS SO ORDERED.

Dated:   May 2, 2008                    /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE