1  MICHAEL R. SHERWOOD, State Bar No. 63702
   TRENT W. ORR, State Bar No. 077656
2  GEORGE M. TORGUN, State Bar No. 222085
   Earthjustice
3  426 17th Street, 5th Floor
   Oakland, CA  94612
4  msherwood@earthjustice.org; torr@earthjustice.org;
   gtorgun@earthjustice.org
5  Telephone:  (510) 550-6725

6  Attorneys for Plaintiffs

7  KATHERINE POOLE, State Bar No. 195010
   MICHAEL E. WALL, State Bar No. 170238
8  Natural Resources Defense Council
   111 Sutter St., 20th Floor
9  San Francisco, CA  94104
   kpoole@nrdc.org; mwall@nrdc.org
10 Telephone: (415) 875-6100

11 FRED H. ALTSHULER, State Bar No. 43878
   JAMIE L. CROOK, State Bar No. 245757
12 Altshuler Berzon LLP
   177 Post Street, Suite 300
13 San Francisco, CA  94108
   faltshuler@altber.com; jcrook@altber.com
14 Telephone:  (415) 421-7151

15 Attorneys for Plaintiff NRDC

16
               IN THE UNITED STATES DISTRICT COURT
17            FOR THE EASTERN DISTRICT OF CALIFORNIA

18
   PACIFIC COAST FEDERATION OF              )  Case No. 1:06-CV-0245 OWW GSA
19 FISHERMEN'S ASSOCIATIONS/INSTITUTE       )
   FOR FISHERIES RESOURCES, *et al.*,       )
20                                          )  ORDER GRANTING IN PART AND
              Plaintiffs,                   )  DENYING IN PART PLAINTIFFS'
21                                          )  FOR SUMMARY JUDGMENT AND
            v.                              )  GRANTING IN PART AND DENYING IN
22                                          )  PART FEDERAL DEFENDANTS' CROSS-
   CARLOS M. GUTIERREZ, in his official     )  MOTION FOR SUMMARY JUDGMENT
23 capacity as Secretary of Commerce *et al.*, )
                                            )
24            Defendants.                   )
                                            )
25                                          )
   SAN LUIS & DELTA-MENDOTA WATER           )
26 AUTHORITY, *et al.*,                     )
                                            )
27            Defendant-Intervenors.        )
   _____ )
28

[PLAINTIFFS' PROPOSED] ORDER ON MOTIONS AND CROSS-MOTIONS                1
FOR SUMMARY JUDGMENT — 1:06-CV-0245 OWW GSA

The Court has read and considered the memoranda of points and authorities and other documents in support of and in opposition to Plaintiffs' motion for summary judgment and Federal Defendants' cross-motion for summary judgment, and has heard and considered the arguments of counsel at the hearing on these matters held on October 3, 2007.  NOW THEREFORE, good cause appearing, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' motion for summary judgment, as follows.

1.      As to the lawfulness of the National Marine Fisheries Service's ("NMFS") 2004 Biological Opinion on the impacts of the long-term operations of the Central Valley Project and State Water Project on Sacramento River winter-run Chinook, Central Valley spring-run Chinook, Central Valley steelhead ("CV steelhead"), Southern Oregon/Northern California Coast coho, and Central California Coast steelhead ("Biological Opinion") under the Administrative Procedure Act ("APA") and the Endangered Species Act ("ESA"), Plaintiffs' motion for summary judgment is:

(a)      GRANTED as to NMFS's record findings and analyses, which fail to explain contradictory evidence as to the survival and recovery of winter-run Chinook, spring-run Chinook, and CV steelhead ("the three species").  Federal Defendants' cross-motion for summary judgment on this issue is DENIED.

(b)      GRANTED as to the failure to analyze adverse effects on and modification to the critical habitat of the three species.  Federal Defendants' cross-motion for summary judgment on this issue is DENIED.

(c)      GRANTED as to whether NMFS failed to conduct an ESA analysis on the three species' life cycles and population dynamics.  NMFS is ordered to complete the required ESA analysis on the three species' life cycles and population dynamics in its forthcoming biological opinion.  Federal Defendants' cross-motion for summary judgment on this issue is DENIED.

(d)      GRANTED as to whether NMFS's focus on incremental Project impacts was arbitrary and capricious.  NMFS is ordered to complete the required ESA analysis on incremental Project impacts in relation to baseline conditions in its forthcoming biological opinion.  Federal Defendants' cross-motion for summary judgment on this issue is DENIED.

1    (e)    DENIED as to the failure to address "Entire Agency Action."  Federal

2    Defendants' cross-motion for summary judgment on this issue is GRANTED.

3    (f)    GRANTED as to the issue of global climate change and effects of the

4    hydrology of northern California rivers.  Federal Defendants' cross-motion for summary judgment

5    on this issue is DENIED.

6    (g)    DENIED on the issue of the sufficiency of the Biological Opinion's adaptive

7    management plan and mitigation measures.  Federal Defendants' cross-motion for summary

8    judgment on this issue is GRANTED.

9    2.    Plaintiffs' motion for summary judgment against the Bureau of Reclamation

10   ("Bureau") under ESA § 7(a)(2) is:

11   (a)    DENIED as to the issue of the Bureau's political bad faith.  Federal

12   Defendants' cross-motion for summary judgment on this issue is GRANTED.

13   (b)    DENIED as to the issue of mitigation standards.  Federal Defendants' cross-

14   motion for summary judgment on this issue is GRANTED.

15   (c)    GRANTED as to unexplained internal contradictions about jeopardy and

16   recovery of the species.  Federal Defendants' cross-motion for summary judgment on this issue is

17   DENIED.

18   (d)    GRANTED as to the issue of the Bureau's reliance upon a biological opinion

19   that failed to consider all relevant factors, including recovery and critical habitat impacts.  Federal

20   Defendants' cross-motion for summary judgment on this issue is DENIED.

21   (e)    DENIED on the issue of global climate change.  Federal Defendants' cross-

22   motion on this issue is GRANTED, upon the condition that the Bureau complete a legally sufficient

23   biological assessment that considers global climate change.

24   (f)    DENIED as to the issue of the Temperature Control Point location.  Federal

25   Defendants' cross-motion for summary judgment on this issue is GRANTED.

26   (g)    DENIED as to alleged failure to consider 100% of water deliveries.  Federal

27   Defendants' cross-motion for summary judgment on this issue is GRANTED.

28

1          (h)     DENIED as to the issue of the Bureau's continued reliance on the Biological

2    Opinion in the face of post-issuance information.  Federal Defendants' cross-motion for summary

3    judgment on this issue is GRANTED.

4         3.     As to the Bureau's obligations under ESA § 7(d), Plaintiffs' Motion is DENIED.  The

5    Federal Defendants' cross-motion for summary judgment on this issue is GRANTED, upon the

6    condition that Federal Defendants continue to take no actions during reconsultation that make any

7    irreversible or irretrievable commitment of resources which forecloses the formulation or

8    implementation of any reasonable and prudent alternative measures.

9         The parties shall comply with the schedule for the June 6, 2008, hearing on interim remedies

10   and on whether the Biological Opinion should be remanded without vacatur.

11

12   **SO ORDERED.**

13

14   DATED: June 10, 2008          /s/ OLIVER W. WANGER

15                                    Oliver W. Wanger

16                                    United States District Judge